In re Pura M. HIDALGO, Debtor.

Bankruptcy No. 86–01421–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Sept. 30, 1988.

---

MEMORANDUM OPINION

A. JAY CRISTOL, Bankruptcy Judge.

During the administration of this case, it came to the attention of the court that some attorneys and some other persons in the Southern District of Florida are abusing the bankruptcy system in the following manner. They are advising persons clearly

ly) be enjoined. The Section does not prohibit a creditor's *in rem* action against the debtor's property.

ineligible for chapter 13 relief to file chapter 13 petitions and are advising other persons to file chapter 7 and chapter 11 petitions in bad faith and with no intention of obtaining a discharge or confirming a plan of reorganization. The attorneys, in some instances, and individuals or "typing services" in other instances, are typing or otherwise assisting in the preparation of bankruptcy petitions which are ineligible for filing. They are instructing ineligible persons facing foreclosure, eviction or sheriff's execution on how to sign bankruptcy petitions or portions of petitions and file them pro se on the day or day before foreclosure sale, execution on judgment or on writ of possession is about to occur, thus halting the bonafide legal activity. Attorneys are representing debtors in connection with the cases under Title 11 and failing to disclose this representation both by not signing the pleadings and by not filing the statement of compensation required, pursuant to 11 U.S.C. § 329. The individuals and typing services are violating Florida law by giving legal advice when they are not authorized to practice law. The legal advice is frequently bad advice and places the recipients thereof more in harms way than they would have been without such advice.

These bad faith filings result in unwarranted delay in enforcement of the just claims and rights of innocent creditors and a disruption of the system and a clogging of already crowded calendars to the delay and detriment of those persons Congress intended to benefit by enactment of the Bankruptcy Code.

Let all members of the Bar be aware that this court has determined that such conduct or activity on the part of the attorneys is a violation of 11 U.S.C. § 329. Let all attorneys understand that the consultation and preparation of petitions, motions or other bankruptcy court filings which are signed only by the client pro se but, in fact, were prepared with consultation of the attorney and typed in the attorney's office are in fact a violation of the Code and subject to severe sanctions both under B.R. 9011, under 11 U.S.C. § 105 and also are subject to the contempt powers of the Bankruptcy Court.

Let all individuals who are preying upon the misery and misfortune of poor people by taking their last dollars for false counsel, beware. The full power of the court will be used to discover and appropriately sanction such wrongdoers.

In this case, the court has considered the activities of one individual lawyer involved and taken action appropriate in the circumstances. The purpose of this opinion is to send out the word that any attorney or any other person brought before the court who is found to have violated 11 U.S.C. § 329 or participated in a bad faith filing, can expect little sympathy and heavy sanctions. It is

ORDERED that the foregoing opinion be filed and widely disseminated to the Bankruptcy Bar, the Federal Bar, all local bar associations and to the general public for the Southern District of Florida.